SADIE K. COX *vs.* CHARLES MAXWELL & others.

Suffolk.    March 4, 1890. — April 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract to pay for Personal Services — Annuity — Executor.*

A testator during his lifetime received a letter from a niece, who was his companion and nurse, in which, after alluding to " the subject of my salary," she proposed that he should give her for her services during his life a certain sum " a year during my life " from a future day named, the same " to be paid to me in instalments as I may desire by your faithful attorney "; he assented to this proposition; and she rendered the services as stipulated during the rest of his life.  *Held,* that there was a valid promise on his part to pay her an annuity for her life, enforceable against his executors.

CONTRACT, against the executors of the will of Noble Maxwell, to recover $29,000 upon an alleged agreement in writing between the testator and the plaintiff.

At the trial in this court, before *C. Allen,* J., the plaintiff offered to prove that she was the testator's niece, and had lived with him as his companion and nurse for a long time before the agreement in question was made; that he was a man of very large means, advanced in years, and at that time in infirm health; that he had frequently said that, if she would not leave him during his life, he would pay or give her whatever she asked; and that in July, 1885, she wrote and sent to him the following letter signed by her:

" My dear Uncle, — As I have never mentioned in any way the subject of my salary to you, but you have so often volunteered the remark, ' that you would make me any compensation I desired if only I would never leave you,' I thought it wiser to ask you to give me the same in writing.   After mature deliberation, I have decided to ask you to give me the sum of two thousand ($2,000) dollars a year during my life; the same to date from June 1, 1886, and to be paid to me in instalments as I may desire, by your faithful attorney, the Hon. George S. Hale, or whomever he may designate, and in acknowledgment of this favor I will bind myself to remain with you during your life, and in every way minister to your comfort and happiness,

as I have tried most faithfully to do during the last four years. If this is satisfactory to you, will you kindly affix your name to this compact, and greatly oblige,        Yours most loyally."

The plaintiff further offered to prove that the testator, a few days after the date of the above letter, affixed his name to it and returned it to her; that she told him she would not leave him, but would attend to him during his life, and in fact did so until his death, on September 13, 1887; that while she continued to live with him, both before and after the agreement in question, regular monthly payments were made to her for her services and attendance, for which she gave him receipts; and that after his death she had made a demand upon the defendants for payment, under the agreement set out in the letter, which was refused.

The defendants contended that, even if the writing was to be considered as a valid contract, duly executed by the testator and binding upon him and his executors, yet, upon the true construction thereof, the plaintiff could recover thereon only for the period from June 1, 1886, to the date of the testator's death.

The judge, at the request of both parties, reported the case for the consideration of the full court. If the agreement was to be construed in accordance with the defendants' contention, judgment was to be rendered for the plaintiff for her services during that period only; otherwise, the case was to stand for trial upon issues raised by the pleadings.

*S. J. Elder*, for the plaintiff.

*W. G. Russell & G. S. Hale*, (*A. Fiske* with them,) for the defendants.

HOLMES, J.    There is no doubt that the defendants' testator, if he saw fit, could promise the plaintiff to pay her an annuity for her life, in consideration of services to be rendered, or of a promise to render services, and that the testator's promise would be binding after the services had been rendered as stipulated. The only question is, whether the words used import such a promise.    The plaintiff's letter proposed that the intestate should promise " to give me [the plaintiff] the sum of two thousand ($2,000) dollars a year during my life," from June 1, 1886, — about a year after her letter.    The testator assented to the proposition.    The meaning of the words thus adopted by the testator is sufficiently plain, and is not cut down by the reference to " the

subject of my salary," or by the suggestion that the money be paid by the testator's attorney. As the case is to be tried upon other issues, we refrain from further discussion, beyond saying that the facts stated disclose no reason for a different construction from the one we adopt.                    *Case to stand for trial.*